Haight J.
This action was brought to obtain a judgment of separation on the ground of cruelty and inhuman treatment. The defendant first answered denying the charges of cruelty, and subsequently served an amended answer alleging acts of adultery on the part of the plaintiff and demanded a judgment of absolute divorce. The case was referred to a referee, who reported in favor of the defendant, finding as facts that the plaintiff was guilty of the acts of adultery charged in the answer. Thereupon the special term denied the plaintiff’s motion to set aside the order of reference and the referee’s report and gave judgment for the defendant.
It is contended in the first place that the referee had no power under the order of reference to report upon the question of the plaintiff’s adultery for the reason that no reply had been served to that portion of the defendant’s answer. But it does not occur to us that the appellant’s contention in this regard is well founded, for upon referring to the order of reference it will be observed that “ this action and the issues therein are referred, etc.”
This order is broad enough to include not only the issues formed by the pleadings, but the formal proof necessary to entitle the party to the relief sought.
In the second place, it is claimed that the findings of fact are against the weight of evidence, and that consequently the judgment should not be sustained. A careful reading of the entire evidence appearing in the appeal book discloses a sharp conflict upon this branch of the case. Some of the defendant’s witnesses appear to have been hired detectives, whilst the testimony of others was in conflict with their previous statements and affidavits. The evidence presented on behalf of the defendant is abundant, and if true, satisfactorily establishes the adultery of the plaintiff.
It was the duty of the referee, and is of this court to receive with great caution, and to carefully scrutinize the *370 testimony of the paid witnesses and those who have given contradictory accounts of the transaction, in order that we may not be deceived in reference to the facts.
The referee had the witnesses personally before him, saw and heard them deliver their testimony, and consequently could more accurately determine the amount of credit that should be given to their testimony. We are, therefore, inclined to accept his views as to the facts.
No errors appear in reference to the admission or rejection of evidence.
The judgment and order should be affirmed, without costs.
So ordered.
Bradley and Lewis, JJ., concur.